IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:18-CR-204-ALM-KPJ |
| | § | |
| **MICHAEL CALZADIAS (4),** | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Michael Calzadias's ("Defendant") Motion to Suppress (the "Motion") (Dkt. 293), the matter having been referred to the undersigned by the Honorable Amos L. Mazzant, III (*see* Dkt. 302). The Government filed a response in opposition to the Motion (Dkt. 324) and Defendant filed a reply (Dkt. 329). On October 23, 2019, the Court held a hearing on the contested issues. *See* Dkt. 361. The Court has considered the record before it and the arguments and evidence presented at the hearing. As set forth below, the Court finds the Motion should be **DENIED**.

### BACKGROUND

Defendant is charged in this matter with a violation of 21 U.S.C. § 846, conspiracy to possess with the intent to manufacture and distribute cocaine and 18 U.S.C. § 1956(h), 1956(a)(2)(A), and 1956(a)(2)(B)(i), conspiracy to commit money laundering.

Law enforcement officers with the Drug Enforcement Agency ("DEA") Dallas Field Division Enforcement Group 1, the Mesquite Police Department Narcotics Unit, Texas Department of Public Safety ("TDPS"), and the Hopkins County Sheriff's Office collaborated on

an investigation into the distribution of cocaine.[1] Working with cooperating sources, the DEA came to learn that on September 4, 2018, Defendant and two of his brothers, all of whom were known drug distributors, and one Kristian Torres, a suspected drug courier, were traveling through Dallas while transporting a possible shipment of cocaine. The information indicated the group was believed to be traveling in a two-car tandem, and that one of the vehicles was a gold Chrysler Pacifica (the "Pacifica"). DEA obtained Precision Location Information ("PLI") from GPS ping data of the phone believed to be used by Torres. On the evening of September 4, 2018, the Pacifica, driven by Defendant and occupied by his two brothers, and the BMW, driven by Torres, were observed traveling together on Interstate 30. Such information was communicated to TDPS Troopers Droddy ("Trooper Droddy") and Williamson ("Trooper Williamson"), including known background information regarding the four men, and Troopers Droddy and Williamson were instructed to conduct a traffic stop if warranted by independent probable cause.

Subsequently, Trooper Droddy initiated a traffic stop on the Pacifica and Trooper Williamson initiated a traffic stop on the BMW. The basis of the stop is not contested. *See* Dkt. 293 at 1. The Pacifica was occupied by Defendant and two of his brothers. After approximately a half-hour of Trooper Droddy questioning Defendant and his brothers, one of the brothers claiming to be the owner of the vehicle, Mark Anthony Calzadias, and whom Defendant identified as the owner of the Pacifica, gave consent to search the vehicle. At no point was consent thereafter withdrawn. During search of the vehicle, Trooper Droddy observed that panels of the vehicle appeared to have been tampered with, including factory screws, which Trooper Droddy knew to be indicative of drug trafficking. Trooper Droddy testified that these markings often appeared as a result of using concealed compartments and locations in the vehicle to hide drugs and/or money.

---

[1] Special Agent Chris Talley of the DEA, Shawn Droddy of the Texas Department of Public Safety, and Jason Pierce of the Texas Department of Public Safety testified at the hearing. *See* Dkt. 361.

Additionally, the search of the Pacifica yielded a heat sealer, plastic bags, and a license plate for the BMW.

TDPS Trooper Pierce ("Trooper Pierce") arrived thereafter with a canine to assist in the search of the Pacifica. At the hearing, Defendant stipulated as to the qualifications of both Trooper Pierce and the canine. Trooper Pierce and his canine performed an open-air search of and around the Pacifica. Trooper Pierce testified that the canine alerted as to the presence of narcotics.[2]

After the alert, the Pacifica was moved to the Hopkins County Sheriff's Office for a more thorough and complete search. Additionally, as it was late at night and the vehicle was stopped on a busy, interstate highway, the decision to move the vehicle provided for a safer location for the search. Defendant and his brothers were taken to the Hopkins County Sheriff's Office, but were thereafter released. The vehicle was detained and a search warrant was obtained to further search the Pacifica..

Defendant filed the present Motion alleging Fourth Amendment violations. Though the Motion includes arguments regarding the canine alert, at the hearing, Defendant's sole argument was that the stop and search was unreasonably long, and that but for the prolonged stop, the items Defendant seeks to suppress would not have been discovered.

## ANALYSIS

The Court addresses the single challenge regarding the length of the stop and the search. As described in the Motion, Defendant argues there was no reasonable suspicion, and hence, no reasonable basis, to justify the stop for the time it took to conduct an open-air dog search. *See* Dkt. 293 at 2. The Government responds regarding a lack of standing by Defendant to contest the search

---

[2] The Government submitted the dash cam recording from Trooper Droddy's vehicle of the events in question as Government Ex. 1. *See* Dkt. 363. The video was considered by the Court and portions of the video were reviewed and discussed at the hearing. The video of the traffic stop and subsequent search confirmed the testimony of Troopers Droddy and Pierce.

of the vehicle given that he identified that he was not the owner of the vehicle. *See* Dkt. 324 at 5–7. Further, the Government argues the search was justified and there was no Fourth Amendment violation. *See id.* at 7–20.

The justification for the original stop, speeding, is not contested.

When an officer conducts a valid traffic stop, an officer may request a driver's license, insurance papers, vehicle registration, run a computer check thereon, and issue a citation. *See United States v. Kelly*, 981 F.2d 1464 (5th Cir. 1993); *United States v. Shabazz*, 993 F.2d 431 (5th Cir. 1993). Testimony and video evidence indicated that only a short period of time expired during this questioning, less than a single hour. Trooper Droddy noted that in running the license plate of the vehicle, registration did not match the identified owner, Mark Anthony Calzadias. Moreover, the insurance provided to Trooper Droddy did not include the Pacifica. Further, Defendant and Mark Anthony Calzadias provided conflicting information to Trooper Droddy when separately questioned. In the course of asking questions about the nature of the ownership of the vehicle, Mark Anthony Calzadias consented to search of the vehicle and never withdrew his consent.

A search authorized by consent is wholly valid. *See Schneckloth v. Bustamonte*, 212 U.S. 218, 222 (1972). In order to justify a search based on consent, the Government must show consent was freely and voluntarily given, based on the totality of the circumstances. *Id.* at 227; *Florida v. Royer*, 460 U.S. 491, 497 (1983). The standard for interpreting consent under the Fourth Amendment is objective reasonableness. *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991). That is, the scope of the consent extends to what "the typical reasonable person would have understood by the exchange between the officer and the suspect." *Id*.

Defendant does not challenge the applicable law or that consent was freely and voluntarily given. The Court finds that Trooper Droddy was authorized to ask questions regarding the

vehicle's registration and ownership and had reasonable suspicion to justify the reasonably short length of time necessary to discuss the issue with Defendant and Mark Anthony Calzadias and request consent to search the vehicle.

Defendant presents no case law supportive of his argument that the amount of time of the stop before consent was given was unreasonable, nor does the Defendant present any case law that a search, when consent is given and not withdrawn, must adhere to a particular time constraint. Further, the Court notes that video evidence and testimony confirm the time from the inception of the stop, including consent being given, arrival of the canine, and search of the Pacifica at the scene was less than two hours in total.

The Court finds that law enforcement's actions were reasonable and the time of questioning before consent was given, and the time following consent before the canine search, particularly given that consent was never withdrawn, were reasonable. Defendant presents no cogent argument otherwise. Additionally, Defendant does not contest the justification for the original stop, the appropriateness of Trooper Droddy's questions, and the acceptability of the request for consent to search the vehicle. Notably, Defendant stipulated to the qualifications of the canine and the canine handler.

For these reasons, the Court recommends that Defendant's Motion to Suppress (Dkt. 293) be **DENIED** in its entirety.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written

objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 28th day of October, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE